**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DUSTIN J. MILLER,

        Petitioner,               Case Number: 04-73329

v.                                      HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on April 7, 2006

.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Petitioner Dustin J. Miller has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, challenges his conviction for second-degree murder.  Because Petitioner has not exhausted his state court remedies with respect to two of his claims for habeas corpus relief, the Court shall dismiss the petition without prejudice.

**I.**

Following a bench trial in Branch County Circuit Court, Petitioner was convicted

of second-degree murder. On May 3, 2002, he was sentenced to twenty-nine to fifty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Defendant must be granted a remand where the trial judge, in making his findings of fact, relied on a misapplication of the law, and therefore the judge failed to properly consider the lesser offense of manslaughter, as requested by defendant.
>
> II. Where the prosecutor failed to prove that defendant did not act in self-defense, defendant's second-degree murder conviction violates his state and federal constitutional rights to be free from conviction in the absence of proof of guilt beyond a reasonable doubt.
>
> III. Defendant is entitled to appellate review of his sentence of 29 to 50 years in prison because the sentence is constitutionally disproportionate and therefore was an abuse of sentencing discretion.
>
> IV. Defendant is entitled to a remand to have dismissed juvenile charges stricken from his presentence report and counsel's failure to challenge these charges constituted ineffective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Miller*, No. 241757 (Mich. Ct. App. Oct. 14, 2003).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims raised before the Michigan Court of Appeals, and the following additional claims:

> I. The defendant's trial counsel was ineffective when he failed to call res gestae witnesses to the stand to testify on behalf of the defendant.
>
> II. The prosecutor withheld exculpatory evidence. The trial attorney did not receive a copy of the witness statements, nor did the trial attorney receive a

copy of the police reports.

The Michigan Supreme Court denied leave to appeal. *People v. Miller*, 469 Mich. 1028, 679 N.W.2d 62 (Mich. Mar. 30, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented to the Michigan Court of Appeals and Michigan Supreme Court.

**II.**

Respondent argues that two of Petitioner's claims for habeas relief are unexhausted, his fifth and sixth claims, because those claims were presented for the first time in his application for leave to appeal to the Michigan Supreme Court.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding

3

that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted.  *Rust*, 17 F.3d at 160.

Petitioner presented his fifth and sixth claims for habeas corpus for the first time in his application for leave to appeal to the Michigan Supreme Court.  Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).  Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  Petitioner can file a motion for relief from judgment pursuant to MCR 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* MCR 6.508(D)(3).  Petitioner's unexhausted

claims should be addressed to, and considered by, the state courts in the first instance.

The Supreme Court has approved a "stay-and-abeyance" procedure where a petition is "mixed," that is, contains exhausted and unexhausted claims, but the Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005). The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented when a petitioner files a timely but mixed petition in federal district court and the district court dismisses it under the rule requiring total exhaustion after the limitations period expires. Because the filing of a petition for habeas corpus in federal court does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be untimely. Recognizing the "gravity of this problem," the Supreme Court held that a federal court may stay a petition in federal court to allow the petitioner to present unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." *Id.*

In this case, Petitioner fails to assert cause for his failure to present these claims in state court. Thus, following the dictates of *Rhines*, the Court finds that the petition may not be stayed and shall be dismissed without prejudice.

While the "stay-and-abeyance" procedure may not be applied to Petitioner's case because he fails to satisfy the *Rhines* test, the Court may nevertheless provide safeguards so as not to "'jeopardize the timeliness of a collateral attack.'" *See Palmer v. Carlton*, 276

5

F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-21 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, August 1, 2004,[1] until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within sixty days of this Court's Order and returning to federal court within sixty days of exhausting his state remedies. *See Hargrove*, 300 F.3d at 718, 721.

### III.

Accordingly, it is **ORDERED** the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from August 1, 2004, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (ii)

---

[1] Applying the prison mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S. Ct. 2379, 2382-83, Petitioner "filed" his § 2254 petition on the date he signed the petition. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (finding that the prison mailbox rule applied to make the filing of a motion to vacate, under 28 U.S.C. § 2255, timely where the petitioner signed the motion within the one-year statute of limitations); *see also Freeman v. Tibbals*, 83 Fed.Appx. 707, 708-09 (6th Cir. 2003) (applying the prison mailbox rule and the holding in *Towns* to § 2254 petitions).

Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

                                    s/PATRICK J. DUGGAN  
                                    UNITED STATES DISTRICT JUDGE

Copies to:

Dustin J. Miller  
#409537  
Bellamy Creek Correctional Facility  
1727 West Bluewater Hwy.  
Ionia, MI 48846

Raina I. Korbakis, A.A.G.